FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2015 NOV -5  PH 3: 55

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH,

    Plaintiff,

    -v-

Case No. 6:15-cv- 1878- ORL-40CES

CAPITAL ONE BANK (USA), N.A.; CAPITAL
ONE RETAIL SERVICES; CITIBANK, N.A.;
CITI CARDS; CITICORP CREDIT SERVICES,
INC. (USA); CITICORP; BEST BUY; BEST BUY
CREDIT SERVICE; GLOBAL CREDIT &
COLLECTION CORPORATION; GLOBAL
INTERNATIONAL; MIDLAND CREDIT
MANAGEMENT, INC.; MIDLAND FUNDING
LLC; MRC RECEIVABLES; MIDLAND
FUNDING NCC-2 CORPORATION; ASSET
ACCEPTANCE, LLC; CAVALRY PORTFOLIO
SERVICES; EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC,

    Defendants.

## COMPLAINT

Plaintiff, LARRY RUMBOUGH, hereby sues Defendants, CAPITAL ONE BANK

(USA), N.A.; CAPITAL ONE RETAIL SERVICES; CITIBANK, N.A.; CITI CARDS;

CITICORP CREDIT SERVICES, INC. (USA); CITICORP; BEST BUY; BEST BUY CREDIT

SERVICE; GLOBAL CREDIT & COLLECTION CORPORATION; GLOBAL

INTERNATIONAL; MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING

LLC; MRC RECEIVABLES; MIDLAND FUNDING NCC-2 CORPORATION; ASSET

ACCEPTANCE, LLC; CAVALRY PORTFOLIO SERVICES; EQUIFAX INFORMATION

SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC;

and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit
Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt
Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for damages for
violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et
seq.*, and for breach of contract.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k,
and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which exceeds $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of
Florida.

6. Defendant, CAPITAL ONE BANK (USA), N.A. ("Capital One Bank"), is an unknown
entity.

7. Defendant, CAPITAL ONE RETAIL SERVICES ("Capital One Retail") is an
unknown entity.

8. Defendant, CITIBANK, N.A. ("CitiBank") is an unknown entity.

9. Defendant, CITI CARDS ("Citi Cards") is an unknown entity.

10. Defendant, CITICORP CREDIT SERVICES, INC. (USA) ("Citicorp Credit") is a
Delaware corporation, authorized to do business in Florida.

11. Defendant, CITICORP ("Citicorp") is an unknown entity.

12. Defendant, BEST BUY ("Best Buy") is an unknown entity.

13. Defendant, BEST BUY CREDIT SERVICE ("Best Buy Credit") is an unknown entity.

14. Defendant, GLOBAL CREDIT & COLLECTION CORPORATION ("Global Credit") is a Delaware corporation, authorized to do business in Florida.

15. Defendant, GLOBAL INTERNATIONAL ("Global International") is an unknown entity.

16. Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Midland Credit") is a Kansas corporation, authorized to do business in Florida.

17. Defendant, MIDLAND FUNDING LLC ("Midland Funding") is a Delaware limited liability company, authorized to do business in Florida.

18. Defendant, MRC RECEIVABLES ("MRC") is a Delaware corporation, authorized to do business in Florida.

19. Defendant, MIDLAND FUNDING NCC-2 CORPORATION ("Midland Funding NCC-2") is a Delaware corporation, authorized to do business in Florida.

20. Defendant, ASSET ACCEPTANCE, LLC ("Asset") is a Delaware limited liability company, authorized to do business in Florida.

21. Defendant, CAVALRY PORTFOLIO SERVICES ("Cavalry") is a Delaware limited liability company, authorized to do business in Florida.

22. Defendant, EQUIFAX INFORMATION SERVICES LLC, ("Equifax") is a Georgia limited liability company, authorized to do business in Florida.

23. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") is an Ohio corporation, authorized to do business in Florida.

24. Defendant, TRANS UNION LLC ("Trans Union") is a Delaware limited liability company, authorized to do business in Florida.

25. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

26. On September 27, 2013, Plaintiff settled a different lawsuit (Case No. 6:12-cv-818-Orl-22DAB) against Capital One Bank. Terms of the settlement required that Capital One Bank would cease negative reporting of Plaintiff's Best Buy credit card and reduce the balance to zero. Capital One Bank failed to abide by both of these terms.

27. Instead, Capital One Bank had sold or transferred the nonexistent debt to Citibank.

28. Capital One Bank and many of the other Defendants have since knowingly attempted to collect the nonexistent debt.

29. Capital One Bank has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

30. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

31. Capital One Bank did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

32. Capital One Bank has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

33. Citibank has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

34. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

35. Citibank did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

36. Citibank has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

37. Plaintiff sent dispute letters to Equifax regarding inaccuracies on his credit report reported by Capital One Bank and Citibank on November 27, 2013, June 6, 2014, July 29, 2014, October 30, 2014, December 15, 2014, May 5, 2015, and June 23, 2015. The details of Plaintiff's disputes are outlined in those letters.

38. Plaintiff sent dispute letters to Experian regarding inaccuracies on his credit report reported by Capital One Bank and Citibank on November 27, 2013, June 6, 2014, July 29, 2014, October 30, 2014, December 15, 2014, May 5, 2015, and June 23, 2015. The details of Plaintiff's disputes are outlined in those letters.

39. Plaintiff sent dispute letters to Trans Union regarding inaccuracies on his credit report reported by Capital One Bank and Citibank on November 27, 2013, June 6, 2014, July 29, 2014,

October 30, 2014, December 15, 2014, May 5, 2015, and June 23, 2015. The details of Plaintiff's disputes are outlined in those letters.

40. Despite those letters, Equifax, Experian, and TransUnion have refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the following item: "Capital One Bank/Best Buy 700119198714" and Citi Cards "414711023401".

41. Equifax, Experian, and TransUnion failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report.

42. On April 1, 2013, Citibank obtained Plaintiff's credit report from Equifax. Citibank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

43. On October 19, 2013, Citibank and Best Buy obtained Plaintiff's credit report from Equifax. Citibank and Best Buy used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

44. On December 17, 2013, Citibank and Citi Cards obtained Plaintiff's credit report from Equifax. Citibank and Citi Cards used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

45. On January 4, 2014, Citibank obtained Plaintiff's credit report from Equifax. Citibank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

46. On January 9, 2014, Capital One Bank obtained Plaintiff's credit report from Equifax. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

47. On February 13, 2014, Capital One Bank obtained Plaintiff's credit report from Equifax. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

48. On April 25, 2014, Citibank and Citi Cards obtained Plaintiff's credit report from Equifax. Citibank and Citi Cards used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

49. On December 11, 2014, Capital One Bank obtained Plaintiff's credit report from Equifax. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

50. On December 17, 2014, Capital One Bank obtained Plaintiff's credit report from Equifax. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

51. On January 7, 2015, Capital One Bank obtained Plaintiff's credit report from Equifax. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

52. On February 11, 2015, Capital One Bank obtained Plaintiff's credit report from Equifax. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

53. On April 3, 2015, Capital One Bank obtained Plaintiff's credit report from Equifax. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

54. On April 24, 2015, Citibank and Citi Cards obtained Plaintiff's credit report from Equifax. Citibank and Citi Cards used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

55. On November 22, 2014, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

56. On November 29, 2014, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

57. On December 6, 2014, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

58. On December 13, 2014, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

59. On December 19, 2014, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

60. On December 26, 2014, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

61. On January 9, 2015, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

62. On January 20, 2015, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

63. On January 27, 2015, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

64. On January 30, 2015, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

65. On March 7, 2015, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

66. On March 14, 2015, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

67. On March 24, 2015, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

68. On March 28, 2015, Capital One Bank obtained Plaintiff's credit report from Experian. Capital One Bank used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

69. On December 2, 2013, Global Credit obtained Plaintiff's credit report from Trans Union. Global Credit used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

70. On December 2, 2013, Global International obtained Plaintiff's credit report from Trans Union. Global International used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

71. On April 17, 2014, Cavalry obtained Plaintiff's credit report from Trans Union. Cavalry used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

72. On April 29, 2014, Midland Credit obtained Plaintiff's credit report from Trans Union. Midland Credit used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

73. On July 11, 2014, Midland Credit obtained Plaintiff's credit report from Trans Union. Midland Credit used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

74. On September 15, 2014, Midland Credit obtained Plaintiff's credit report from Trans Union. Midland Credit used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

75. On or about September 17, 2013, Citibank sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

76. On or about September 27, 2013, Citibank, Best Buy, and Best Buy Credit sent Plaintiff a bill for $11,741.70.

77. On or about September 29, 2013, Citibank sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

78. On or about October 28, 2013, Citibank, Best Buy, and Best Buy Credit sent Plaintiff a bill for $11,912.25.

79. On or about October 30, 2013, Citibank sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

80. On or about November 27, 2013, Citibank, Best Buy, and Best Buy Credit sent Plaintiff a bill for $12,081.95.

81. On December 9, 2013, Plaintiff sent a certified letter to Citibank demanding validation of the alleged debt.

82. On December 9, 2013, Plaintiff sent a certified letter to Best Buy Credit demanding validation of the alleged debt.

83. On or about December 17, 2013, Capital One Bank sent Plaintiff a letter confirming that it was misreporting the Best Buy account to the credit reporting agencies.

84. On or about December 17, 2013, Capital One Bank sent Plaintiff a letter confirming that it was misreporting the Best Buy account to the credit reporting agencies.

85. On or about December 27, 2013, Citibank, Best Buy, and Best Buy Credit sent Plaintiff a bill for $12,255.20.

86. On or about January 28, 2014, Citibank, Best Buy, and Best Buy Credit sent Plaintiff a bill for $12,441.65.

87. On or about March 13, 2014, Global Credit and Citicorp Credit sent Plaintiff a letter attempting to collect on a nonexistent alleged debt of $12,441.65.

88. On April 14, 2014, Plaintiff sent a certified letter to Global Credit demanding validation of the alleged debt.

89. On June 3, 2014, Plaintiff sent a certified letter to Midland Credit demanding validation of the alleged debt.

90. On or about June 13, 2014, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, and Asset Acceptance sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

91. On or about July 14, 2014, Midland Credit sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

92. On or about July 30, 2014, Midland Credit, Best Buy, and Best Buy Credit Services sent Plaintiff a letter and bill for $12,255.20.

93. On or about November 2, 2014, Capital One Bank, Capital One Retail, and Best Buy sent Plaintiff a bill for $11,912.25.

94. On or about November 7, 2014, Citibank, N.A., Citicorp, Best Buy, and Best Buy Credit Services sent Plaintiff bills for $11,912.25, $12,081.95, and $12,441.65 respectively.

95. On or about March 10, 2015, Midland Credit sent Plaintiff a letter confirming that Plaintiff did not owe any money.

96. On November 8, 2013, at 5:31 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

97. On November 10, 2013, at 10:26 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

98. On November 10, 2013, at 5:08 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

99. On November 11, 2013, at 10:54 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

100. On November 11, 2013, at 1:50 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

101. On November 11, 2013, at 5:13 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

102. On November 12, 2013, at 12:28 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

103. On November 12, 2013, at 7:36 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

104. On November 13, 2013, at 10:50 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

105. On November 13, 2013, at 1:58 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

106. On November 13, 2013, at 4:43 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

107. On November 14, 2013, at 1:37 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

108. On November 14, 2013, at 4:08 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

109. On November 15, 2013, at 8:06 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

110. On November 16, 2013, at 8:51 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

111. On November 16, 2013, at 5:17 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

112. On November 17, 2013, at 2:47 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

113. On November 17, 2013, at 6:48 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

114. On November 18, 2013, at 10:51 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

115. On November 18, 2013, at 1:51 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

116. On November 18, 2013, at 4:42 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

117. On November 19, 2013, at 2:38 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

118. On November 19, 2013, at 7:09 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

119. On November 20, 2013, at 10:47 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

120. On November 20, 2013, at 1:49 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

121. On November 20, 2013, at 4:20 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

122. On November 21, 2013, at 1:38 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

123. On November 21, 2013, at 4:09 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

124. On November 22, 2013, at 11:39 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

125. On November 22, 2013, at 3:11 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

126. On November 22, 2013, at 6:39 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

127. On November 23, 2013, at 8:37 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

128. On November 23, 2013, at 4:06 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

129. On November 24, 2013, at 9:51 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

130. On November 24, 2013, at 2:16 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

131. On November 24, 2013, at 6:54 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

132. On November 25, 2013, at 10:49 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

133. On November 25, 2013, at 1:35 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

134. On November 25, 2013, at 4:08 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

135. On November 27, 2013, at 10:55 a.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

136. On November 27, 2013, at 2:58 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

137. On November 27, 2013, at 5:46 p.m., Best Buy Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

138. On June 23, 2014, at 11:26 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

139. On June 23, 2014, at 12:26 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

140. On June 23, 2014, at 2:26 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

141. On June 26, 2014, at 9:40 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

142. On June 26, 2014, at 10:40 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

143. On June 26, 2014, at 11:42 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

144. On June 26, 2014, at 12:42 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

145. On June 26, 2014, at 3:43 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

146. On June 27, 2014, at 9:20 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

147. On June 27, 2014, at 12:20 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

148. On June 27, 2014, at 3:20 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

149. On June 28, 2014, at 9:35 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

150. On June 28, 2014, at 12:36 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

151. On June 30, 2014, at 1:16 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

152. On June 30, 2014, at 3:22 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

153. On July 1, 2014, at 9:31 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

154. On July 1, 2014, at 12:31 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

155. On July 1, 2014, at 2:37 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

156. On July 7, 2014, at 9:11 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

157. On July 7, 2014, at 11:15 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

158. On July 7, 2014, at 3:10 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

159. On July 8, 2014, at 9:26 a.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

160. On July 8, 2014, at 3:58 p.m., Midland Credit called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

161. Plaintiff never gave permission for Best Buy Credit and Midland Credit to call his phone. He repeatedly demanded that they stop calling him.

### COUNT I
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS CAPITAL ONE BANK, CITIBANK, CITI CARDS, BEST BUY, GLOBAL CREDIT, GLOBAL INTERNATIONAL, MIDLAND CREDIT, CAVALRY, EQUIFAX, EXPERIAN, TRANS UNION

162. Paragraphs 1 through 161 are realleged as though fully set forth herein.

163. Plaintiff is a consumer within the meaning of §1681a(c).

164. Capital One Bank and Citibank are furnishers of information within the meaning of §1681s-2.

165. Equifax, Experian, and Trans Union are consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

166. Equifax, Experian, and Trans Union violated the FCRA. Defendants' violations include, but are not limited to, the following:

a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;

b) failing to provide all of the information on file, in violation of §1681(g);

c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);

f) failing to properly advise Plaintiff of his ability to make a consumer explanation;

g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;

h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor;

i) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;

j) failing to properly reinvestigate Plaintiff's disputes; and by

k) concealing from or misrepresenting facts to Plaintiff regarding his report.

167. Capital One Bank, Citibank, Citi Cards, Best Buy, Global Credit, Global International, Midland Credit, and Cavalry violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Capital One Bank, Citibank, Citi Cards, Best Buy, Global Credit, Global International, Midland Credit, and Cavalry willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

(b) Capital One Bank and Citibank violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Capital One Bank, Citibank, Citi Cards, Best Buy, Global Credit, Global International, Midland Credit, Cavalry, Equifax, Experian, and Trans Union for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS CAPITAL ONE BANK, CAPITAL ONE RETAIL, CITIBANK, CITI CARDS, CITICORP CREDIT, CITICORP, BEST BUY, BEST BUY CREDIT, GLOBAL CREDIT, GLOBAL INTERNATIONAL, MIDLAND CREDIT, MIDLAND FUNDING, MRC, MIDLAND FUNDING NCC-2, ASSET ACCEPTANCE, CAVALRY

168. Paragraphs 1 through 161 are realleged as though fully set forth herein.

169. Plaintiff is a consumer within the meaning of §1692a(3).

170. Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry are debt collectors within the meaning of §1692a(6).

171. Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

(c) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(d) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry

violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) Capital One, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §1692e(11) by failing to warn that it was a debt collector.

(f) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(g) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §1692g by failure to send a validation notice within five days of the initial communication.

(h) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit,

Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding

NCC-2, Asset Acceptance, and Cavalry for actual or statutory damages, and punitive damages,

attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

**COUNT III**
**VIOLATION OF FLORIDA CONSUMER COLLECTION**
**PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)**
**BY DEFENDANTS CAPITAL ONE BANK, CAPITAL ONE RETAIL, CITIBANK, CITI**
**CARDS, CITICORP CREDIT, CITICORP, BEST BUY, BEST BUY CREDIT, GLOBAL**
**CREDIT, GLOBAL INTERNATIONAL, MIDLAND CREDIT, MIDLAND FUNDING,**
**MRC, MIDLAND FUNDING NCC-2, ASSET ACCEPTANCE, CAVALRY**

172. Paragraphs 1 through 161 are realleged as though fully set forth herein.

173. Plaintiff is a consumer within the meaning of §559.55(2).

174. Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit,

Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit,

Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry are debt

collectors within the meaning of §559.55(6).

175. Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit,

Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit,

Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated the

FCCPA. Defendants' violations include, but are not limited to, the following:

(a) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp,

Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit,

Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry

violated §559.72(3) by not telling Plaintiff that it would disclose to another

information affecting Plaintiff's reputation for credit worthiness without also

informing Plaintiff that the existence of the dispute would also be disclosed.

(b) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

(c) Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Capital One Bank, Capital One Retail, Citibank, Citi Cards, Citicorp Credit, Citicorp, Best Buy, Best Buy Credit, Global Credit, Global International, Midland Credit, Midland Funding, MRC, Midland Funding NCC-2, Asset Acceptance, and Cavalry for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT IV
## VIOLATION OF TELEPHONE CONSUMER
## PROTECTION ACT (TCPA), 47 U.S.C. §227
## BY DEFENDANTS BEST BUY CREDIT, MIDLAND CREDIT

176. Paragraphs 1 through 161 are realleged as though fully set forth herein.

177. Plaintiff's phone number has been listed with the National Do Not Call Registry since September 22, 2006.

178. Best Buy Credit and Midland Credit willfully or knowingly violated the TCPA. Defendant's violations include, but are not limited to, the following:

(a) Best Buy Credit and Midland Credit willfully or knowingly violated 47 U.S.C. §227(b)(1)(B) by initiating telephone calls to Plaintiff's telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff,

(b) Best Buy Credit and Midland Credit willfully or knowingly violated 47 U.S.C. §227(c)(1)(F) by making or transmitting a telephone solicitation to the Plaintiff's telephone number,

WHEREFORE, Plaintiff demands judgment for damages against Best Buy Credit and Midland Credit for actual or statutory damages, and attorney's fees and costs, pursuant to 47 U.S.C. §227(b)3 & (c)5.

### COUNT V
### BREACH OF CONTRACT
### BY DEFENDANT CAPITAL ONE BANK

179. Paragraphs 1 through 161 are realleged as though fully set forth herein.

180. Capital One Bank breached the contract with Plaintiff of September 27, 2013.

WHEREFORE, Plaintiff demands judgment for damages against Capital One Bank for actual or statutory damages, and attorney's fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: November 5, 2015

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859